

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

Nos. 07-19-00372-CR
07-19-00373-CR

MARCUS REED, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 167th District Court
Travis County, Texas
Trial Court Nos. D-1-DC-19-904028 & D-1-DC-19-904029,
Honorable David Wahlberg, Presiding

September 15, 2020

## ORDER ON STATE'S MOTION TO ABATE AND REMAND

### Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Pending before the Court is the State's "Motion to Abate Appeals." Therein, it requests the Court to abate the above referenced appeals and remand to the trial court to find if appellant's decision to represent himself on appeal was knowingly and intelligently made. We previously abated these appeals on July 16, 2020, due to appellant's failure to file a brief. We asked the trial court to determine whether appellant was indigent, entitled to appointed counsel, cared to prosecute the appeals and could file a timely brief. The trial court convened a hearing on those matters and was told by

appellant that he was not indigent.  He also told the court that a brief could be filed within two weeks.  A brief was filed by appellant.  Due to its failure to comport with rules of appellate procedure, however, we ordered him to file a corrected one by September 2, 2020.  It has not been filed to date.  During the interim, the State also filed the pending motion.  We grant the State's motion and abate the appeal.

Upon remand, the trial court shall utilize whatever means it finds necessary to determine the following:

1.     whether appellant still desires to prosecute his appeals;

2.     whether appellant remains a non-indigent and unentitled to appointed appellate counsel; and

3.     whether appellant's decision to represent himself is knowing, intelligent and voluntary.

If it is determined that appellant wants to proceed with the appeals, has become indigent, and has made an uninformed, unintelligent, and involuntary decision to represent himself, the trial court shall appoint him appellate counsel.  Appellate counsel shall also be appointed if appellant is indigent and requests appellate counsel.  If it is determined that appellant is indigent but nevertheless remains adamant about representing himself, then the trial court shall appoint stand-by counsel on appeal.  If appellate counsel is appointed, then his or her name, address, email address, telephone number, and State Bar of Texas identification number of appointed counsel shall be provided to the Clerk of this Court.  The trial court shall execute findings of fact, conclusions of law, and any necessary orders addressing the foregoing subjects.  The trial court shall also cause to be developed both 1) a clerk's record containing the findings of fact, conclusions of law, and any necessary orders, and 2) a reporter's record transcribing the evidence and argument presented at any hearing held.  The records shall

2

be filed with the Clerk of this Court on or before October 15, 2020.  Should additional time be needed for the trial court to comply with this order, it must request same before October 15, 2020.

It is so ordered.

Per Curiam

Do not publish.